```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          Alexandria Division
```

SHEET METAL WORKERS'        )
NATIONAL PENSION FUND, et al., )
                            )
     Plaintiffs,            )
                            )
     v.                     )   Civil Action No. 1:09cv1021
                            )
COMMERCE AIR CONDITIONING   )
COMPANY, et al.,            )
                            )
     Defendants.            )


## REPORT AND RECOMMENDATION

This matter came before the Court for a hearing on December 18, 2009 on plaintiffs' Motion for Entry of Default Judgment against defendants Commerce Air Conditioning Company, d/b/a Commerce Systems, and d/b/a Commerce Air Conditioning ("Company") and Charles R. Walter, individually, and d/b/a Commerce Air Company, d/b/a Commerce Systems, and d/b/a Commerce Air Conditioning ("Individual Defendant" and, together with Company, "defendants").

### I. INTRODUCTION

**A. Background**

Plaintiffs Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT") and National Energy Management Institute Committee ("NEMIC")(collectively,

"plaintiffs"), employee benefit trust funds, multi-employer plans and employee benefit plans established and maintained under 29 U.S.C. § 186(c) and 29 U.S.C. § 1002(37), filed this action under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which govern suits among parties to enforce provisions of their collective bargaining agreements. Plaintiffs seek damages, injunctive relief, and attorneys' fees and costs pursuant to ERISA, LMRA, and the collective bargaining agreement with the Sheet Metal Workers' International Association, Local Union No. 105, to which defendants were a party. Defendants also agreed to abide by the terms of the agreements and declarations of trust ("Trust Agreement") establishing the trust funds. (See Compl. ¶¶ 15-18; Shaw Declaration ¶ 3 ("Shaw Decl.").)[1]

### B. Jurisdiction and Venue

Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 185(a), 1132 and 1145. Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in

---

[1] The collective bargaining agreement and Trust Agreement are hereinafter collectively referred to as "the Agreements."

any other district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in any district court having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. §§ 185(a). The plaintiff funds bringing this action maintain their principal places of business and are administered in this district. (Compl. ¶ 13.) This Court has personal jurisdiction over defendants under the decision in <u>Board of Trustees, Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.</u>, 964 F. Supp. 1040, 1045 (E.D. Va. 1997). Defendant Commerce Air Conditioning Company, d/b/a Commerce Systems, d/b/a Commerce Air Conditioning is an unincorporated business entity and an employer in an industry affecting commerce within the meaning of 29 U.S.C §§ 152(2), (6) and (7). (Compl. ¶ 13.) Defendant Charles R. Walter is the owner and sole proprietor of the Company and is also an employer in an industry affecting commerce as defined in 29 U.S.C §§ 152(2), (6) and (7). (Compl. ¶ 14.) Defendants do business with plaintiff funds that is sufficient to create personal jurisdiction over defendants in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

**C. Service of Process**

Process was served on defendants by hand-delivering copies of the Summons and Complaint to Charles R. Walter at 449 Park Avenue, San Fernando, California, on October 5, 2009. (See Summons Returned Executed (Dkt. Nos. 7-8).)

**D. Grounds for Default**

Defendants have failed to appear, answer, or file any other responsive pleadings in this matter. On November 12, 2009, plaintiffs filed a Request for Entry of Default with the Clerk's office. (Dkt. No. 5.) The Clerk entered default as to defendants on November 13, 2009. (Dkt. No. 6.) On December 1, 2009, plaintiffs filed a Motion for Default Judgment and the hearing was conducted on December 18, 2009. (Dkt. Nos. 9, 12.) After the defendants failed to appear at the December 18 hearing, the undersigned Magistrate Judge took the case under advisement to issue this Report and Recommendation.

II. FACTUAL FINDINGS

Based on the Complaint; the Declaration of Walter Shaw, the Billing Manager of NPF ("Shaw Decl."); the Declaration of Jerome A. Flanagan, Esquire, plaintiffs' counsel ("Flanagan Decl."); and the documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings of fact.[2]

---

[2] Documents submitted in proof of damages include plaintiffs' Motion for Default Judgment ("Mot. for Default J.") and Memorandum in Support of Motion for Default Judgment ("Mem. Supp. Default J."), which includes several exhibits.

Plaintiffs,[3] who are employee benefit plans or trust funds, bring this action under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Mot. for Default J. ¶ 7.) Plaintiffs seek to collect unpaid monthly benefit plan contributions, interest and liquidated damages on unpaid and delinquent contributions, and attorneys' fees and costs due under the terms of the Collective Bargaining Agreements ("Agreements"), Agreements and Declarations of Trust, and the Rules and Regulations for the Funds governing the relationship between defendants and the plaintiffs. The Agreements were approved on plaintiffs' behalf by Sheet Metal Workers' International Association Local Union No. 105. (Shaw Decl. ¶ 3.)

Plaintiffs seek an order holding defendants liable and requiring defendants: (1) to file remittance reports and make contributions due the National Funds for the months of March 2007 through December 2007 and June 2009;(2) to pay all contractual late charges and all interest and liquidated damages on the unpaid contributions; and (3) to pay plaintiffs' reasonable

---

[3] As stated above, plaintiffs include Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), National Energy Management Institute Committee ("NEMIC"), and Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT") (collectively, "National Funds" or "plaintiffs" or "plaintiff funds").

5

attorneys' fees and costs in bringing this action, as well as any additional fees and costs incurred in the execution of any judgment awarded. (Mem. Supp. Default J. 9-25; Shaw Decl. ¶ 7; Flanagan Decl. ¶¶ 1-4.)

In addition, plaintiffs seek injunctive relief enjoining the defendants and all persons acting on their behalf from refusing to file complete, proper, and timely remittance reports with accompanying contributions for all periods for which defendants are obligated to do so under its current and future collective bargaining agreements. (Mem. Supp. Default J. 3-4; Shaw Decl. ¶ 8.)

The Agreements require defendants to submit monthly contributions to the plaintiffs on behalf of all covered employees. (Mem. Supp. Default J. 9; Shaw Decl. ¶ 3.) Contributions must be made for each hour for which employees worked, each hour for which employees were paid, and for the wages and fringe benefits due at the contribution rate specified in the Agreements. (Mot. for Default J. ¶ 10; Mem. Supp. Default J. 2-4; Compl. ¶ 18.) In addition to monthly contributions, the Agreements require defendants to submit monthly remittance reports on which the defendants are to list, <u>inter alia</u>, their employees and the hours they worked or for which they received pay that month, and the wages and fringe benefits due to or on behalf of covered employees. (Mot. for Default J. ¶ 10; Mem. Supp. Default J. 3; Compl. ¶¶ 18-20.) The completed remittance

6

reports and accompanying contributions are due the Funds by the twentieth (20th) day of the month following the month in which covered employment occurred ("due date"). (Compl. ¶ 20.)

In violation of the Agreements, defendants have failed to submit timely monthly contributions to the National Funds for the for the period of March 2007 through December 2007 and June 2009. (Shaw Decl. ¶ 6.) Pursuant to the Agreements and under § 502(g)(2) of ERISA,[4] plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) interest on contributions which were paid late or remain unpaid;[5] (3) liquidated damages for contributions which were paid late or remain unpaid;[6] and (4) reasonable attorneys' fees and the costs of this action.

The amounts due in unpaid and delinquent monthly contributions, accrued interest on unpaid and delinquent contributions calculated through November 13, 2009, and

---

[4] 29 U.S.C. § 1132(g)(2).

[5] For the National Funds, interest is calculated at the rate prescribed under the National Funds' governing documents, eight and one-half percent (8.5%), as of January 1, 2007. (See Mem. Supp. Default J. 9-10.)

[6] For the National Funds, liquidated damages are assessed in an amount equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions which are outstanding at the time of filing the Complaint. (Compl. ¶¶ 21(c), 22(b).) Late charges, or pre-litigation liquidated damages, for the National Funds are calculated at fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions paid after the Due Date, which ever is greater. (Compl. ¶¶ 21(c), 22(b); Mem. Supp. Default J. at 12.)

7

liquidated damages on unpaid and delinquent contributions for each of the Funds are summarized as follows:

| Fund | Payments Due | Interest | Liq. Dam. | Pre-lit. Liq. Dam. | Total |
|---|---|---|---|---|---|
| NPF | $31,918.60 | $6,198.25 | $6,383.59 | $6,240.72 | $50,741.16 |
| ITI | 2,138.34 | 418.75 | 427.52 | 389.69 | 3,374.30 |
| NEMIC | 534.50 | 104.68 | 106.74 | 97.13 | 843.05 |
| SMOHIT | 356.38 | 69.77 | 71.13 | 64.64 | 561.92 |
| TOTAL | $34,947.82 | $6,791.45 | $6,988.98 | $6,792.18 | $55,520.43 |

(Mem. Supp. Default J. 27-28; Shaw Decl. ¶ 7.)

Finally, plaintiffs seek $4,334.16 in attorneys' fees and costs. In support of this request, plaintiffs submitted the Declaration of Jerome A. Flanagan, Esquire (Ex. 6 to Mem. Supp. Default J.) and a time and expense report from Jennings Sigmond P.C. (Ex. 7). The undersigned Magistrate Judge finds the requested costs and fees to be reasonable.

### III. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of judgment in favor of plaintiffs having concluded that plaintiffs, the Sheet Metal Workers' National Pension Fund, the International Training Institute for the Sheet Metal and Air Conditioning Industry, the National Energy Management Institute Committee, and the Sheet Metal Occupational Health Institute Trust Fund, collectively, are entitled to recover the following: $34,947.82 in unpaid contributions; $6,791.45 in accrued interest through November 13, 2009; $6,988.98 in liquidated damages; $6,792.18 in pre-litigation liquidated damages; and $4,334.16 in reasonable

attorneys' fees and costs. Thus, the recommended award total is $59,854.59.

The undersigned Magistrate Judge further recommends granting the following injunctive relief: that defendants, its officers, agents, servants, employees, attorneys, and all persons acting on their behalf or in conjunction with them be ordered (1) to submit to an audit of its wage, payroll, and personnel records for all periods for which defendants are obligated to contribute to the Funds within twenty (20) days of the date this Order becomes final, and (2) to file complete, proper and timely remittance reports with accompanying contributions for all periods to date (including periods with no work, which shall be reported as such.) The undersigned further recommends that this judgment should not preclude collection of any additional delinquency reported in new forms or discovered in the audit.

If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

## IV. <u>NOTICE</u>

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. A failure to object to this Report and

Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendants at the following addresses:

>COMMERCE AIR CONDITIONING COMPANY
>d/b/a Commerce Systems
>d/b/a Commerce Air Conditioning
>449 Park Avenue
>San Fernando, CA 91340
>
>CHARLES R. WALTER
>449 Park Avenue
>San Fernando, CA 91340

                                                /s/
                                   Theresa Carroll Buchanan
                                   United States Magistrate Judge

February 4, 2010
Alexandria, Virginia